Robert B. Zelms, Arizona Bar No. 018956
rzelms@zelmserlich.com
Nishan J. Wilde, Arizona Bar No. 031447
nwilde@zelmserlich.com
**ZELMS ERLICH & MACK**
4600 E. Washington Street, Suite 300
Phoenix, Arizona 85034
Phone: (480) 608-2114

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Geovany Valdes Fores; | Case No.  2:19-cv-05182-SPL-CDB |
| Plaintiff, | |
| v. | **GRAND CANYON EDUCATION INCORPORATED'S ANSWER TO THIRD AMENDED COMPLAINT** |
| Grand Canyon Education Incorporated also known as Grand Canyon University; Joe Yahner, GCU Director of Public Safety; Aaron Martinez, GCU Campus Security Officer; K Timothy, GCU Officer; Teresa Kuleff, GCU Peace Officer; Sgt. Cahill GCU Peace Officer, | |
| Defendants. | |

Defendant Grand Canyon Education Incorporated ("GCE"), by an through undersigned counsel, hereby file this Answer to the Third Amended Complaint. Undersigned counsel file this Answer on behalf of GCE only. The other defendants have not been served by Plaintiff. If Plaintiff serves the other defendants, they will file a responsive pleading in compliance with the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

GCE denies all allegations in Plaintiff's Preliminary Statement that relate to GCE.

### JURISDICTION AND VENUE

1.      GCE admits that this Court has jurisdiction over Plaintiff's claims under 42

1

U.S.C. Section 1983.

2.       GCE admits that this Court has jurisdiction over Plaintiff's claims under 42 U.S.C. Section 1983. As to the remaining allegations in Paragraph 2, GCE lacks sufficient knowledge or information to either submit or deny the allegations, and therefore, must deny the allegations.

3.       GCE admits that this Court has jurisdiction over GCE as related to Plaintiff's claims under 42 U.S.C. Section 1983.

4.       GCE admits that this Court is the proper venue for Plaintiff's claims under 42 U.S.C. Section 1983.

**PARTIES**

5.       GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 5, and therefore, must deny the allegations.

6.       GCE admits that it is a publicly traded company. As for the remaining allegations in Paragraph 6, GCE lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

7.       GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 7, and therefore, must deny the allegations.

8.       GCE denies that any GCU personnel was inadequately trained. GCE denies that GCU failed to implement sufficient and appropriate policies. GCE denies that GCU established unconstitutional policies and practices. GCE denies that GCU caused any of Plaintiff's injuries. As the remaining allegations in Paragraph 8, GCE lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

9.       GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 9, and therefore, must deny the allegations.

2

10.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 10, and therefore, must deny the allegations.

## FACTS GIVING RISE TO THIS ACTION

11.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 11, and therefore, must deny the allegations.

12.     GCE denies that Plaintiff was simply "sight-seeing." Plaintiff entered living quarters of GCU students without permission and was trespassing. A GCU student called GCU personnel to report a suspicious individual who fit the description of Flores. GCU personnel responded to the call, and asked Plaintiff if he was a student. Plaintiff lied and said he was a student. When asked for his student ID, he said he left it in his car. After further questioning, Plaintiff admitted that he was not a student at GCU. At that point, GCU personnel advised Plaintiff that he was trespassing, and asked him to leave. As to the remaining allegations in paragraph 12, GCE lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

13.     GCE admits that Plaintiff was found inside a GCU building, and he was asked to leave and not come back. Plaintiff entered living quarters without permission and was trespassing. A GCU student called GCU personnel to report a suspicious individual who fit the description of Flores. GCU personnel responded to the call, and asked Plaintiff if he were a student. Plaintiff lied and said he was a student. When asked for his student ID, he said he left it in his car. After further questioning, Plaintiff admitted that he was not a student at GCU. At that point, GCU personnel advised Plaintiff that he was trespassing, and asked him to leave. As to the remaining allegations in Paragraph 13, GCE lacks sufficient knowledge or information to either admit or deny the allegations, and therefore, must deny the allegations.

14.     GCE denies the allegations in Paragraph 14. Plaintiff was not "just outside the GCU campus." Plaintiff attempted on several occasions to gain entrance to GCU at multiple

times and places. Plaintiff had been previously told he could not trespass on GCU property, and was arrested for trespassing on GCU property on June 1, 2017.

15.     GCE denies the allegations in Paragraph 15. Plaintiff was not "outside the campus limits." Plaintiff attempted on several occasions to gain entrance to GCU at multiple times and places. Plaintiff had been previously told he could not trespass on GCU property, and was arrested for trespassing on GCU property on June 1, 2017.

16.     GCE denies the allegations in Paragraph 16. Plaintiff was carrying a highly dangerous and illegal drug called methamphetamine, as well as carrying marijuana.

17.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 17, and therefore, must deny the allegations.

18.     GCE admits the allegations in Paragraph 18. Incident to Plaintiff's lawful arrest, GCU personnel inventoried all of Plaintiff's belongings to make sure that Plaintiff was not carrying any dangerous or illegal items onto GCU campus.

19.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 19, and therefore, must deny the allegations.

20.     GCE admits that Plaintiff was handcuffed during his lawful arrest. As to the remaining allegations in Paragraph 20, GCE lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

21.     GCE admits that ICE was called. GCE denies the remaining allegations in 21.

22.     GCE admits that Plaintiff was driven to the Phoenix office of ICE. GCE affirmatively asserts that because Plaintiff is not a United States citizen and was found with illegal drugs on his person, ICE was called to advise on policies and procedures related to non-citizens found with illegal drugs. ICE advised that GCU personnel should deliver Plaintiff to the ICE office.

23.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 23, and therefore, must deny the allegations.

24.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 24, and therefore, must deny the allegations.

25.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 25, and therefore, must deny the allegations.

26.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 26, and therefore, must deny the allegations.

27.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 27, and therefore, must deny the allegations.

28.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 28, and therefore, must deny the allegations.

29.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 29, and therefore, must deny the allegations.

30.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 30, and therefore, must deny the allegations.

31.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 31, and therefore, must deny the allegations.

32.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 32, and therefore, must deny the allegations.

33.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 33, and therefore, must deny the allegations.

34.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 34, and therefore, must deny the allegations.

35.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 35, and therefore, must deny the allegations.

36.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 36, and therefore, must deny the allegations.

37.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 37, and therefore, must deny the allegations.

38.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 38, and therefore, must deny the allegations.

39.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 39, and therefore, must deny the allegations.

40.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 40, and therefore, must deny the allegations.

41.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 41, and therefore, must deny the allegations.

42.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 42, and therefore, must deny the allegations.

43.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 43, and therefore, must deny the allegations.

44.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 44, and therefore, must deny the allegations.

45.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 45, and therefore, must deny the allegations.

46.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 46, and therefore, must deny the allegations.

47. GCE denies that any of its actions were unconstitutional. GCE denies that it caused Plaintiff to enter into the "hellish reality of ICE detention." GCE denies that Plaintiff developed diabetes due to being in ICE detention or due to any of GCE's actions.

## CLAIMS FOR RELIEF

### Count I
### Violation of the Fourth Amendment and 42 U.S.C. Section 1983 – Malicious Prosecution

48. GCE incorporates by reference all of its previous responses herein. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

49. GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 49, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

50. GCE admits that GCU has private security officers. As to the remaining allegations in paragraph 50, GCE lacks sufficient information of knowledge to admit or deny the allegations, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

51. GCE denies that Plaintiff is entitled to any relief under 42 U.S.C. Section 1983. GCE denies that any of its actions violated 42 U.S.C. Section 1983. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

52. GCE denies the allegations in Paragraph 52 of the Third Amended Complaint. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

53.     GCE admits that Plaintiff was arrested for trespassing. GCE denies the remaining allegations in Paragraph 53. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

54.     GCE denies the allegations in Paragraph 54. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

55.     GCE denies the allegations in Paragraph 55. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

56.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 56, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

## Count II

### Violation of the Fifth Amendment and 42 U.S.C. Section 1983 – Racial Discrimination

57.     GCE incorporates by reference all of its previous responses herein. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

58.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 58, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

59.     GCE admits that GCU has private security officers. As to the remaining allegations in paragraph 59, GCE lacks sufficient information of knowledge to admit or deny

the allegations, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

60.     GCE denies that Plaintiff is entitled to any relief under 42 U.S.C. Section 1983. GCE denies that any of its actions violated 42 U.S.C. Section 1983. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

61.     GCE denies the allegations in Paragraph 61. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

62.     GCE denies the allegations in Paragraph 62. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

63.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph63, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

## Count III

### Violation of the Fourth Amendment and 42 U.S.C. Section 1983 – Unlawful Search and Seizure

64.     GCE incorporates by reference all of its previous responses herein.

65.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 65, and therefore, must deny the allegations.

66.     GCE admits that GCU has private security officers. As to the remaining allegations in paragraph 66, GCE lacks sufficient information of knowledge to admit or deny the allegations, and therefore, must deny the allegations. In addition, GCE believes this cause

of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

67.     GCE denies that Plaintiff is entitled to any relief under 42 U.S.C. Section 1983.

68.     GCE denies the allegations in Paragraph 68.

69.     GCE denies the allegations in Paragraph 69.

70.     GCE denies the allegations in Paragraph 70.

71.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 71, and therefore, must deny the allegations.

<u>**Count IV**</u>

**Violation of the Fifth Amendment and *Bivens* – Deprivation of Liberty without Due Process of Law**

72.     GCE incorporates by reference all of its previous responses herein. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

73.     Paragraph 73 states a legal precedent, and does not state any allegations against GCE. GCE, therefore, believes that GCE is not obligated to deny or admit Paragraph 73. However, to the extent that Paragraph 73 is deemed to contain allegations against GCE, GCE denies those allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

74.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 74, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

75.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 75, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

76.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 76, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

77.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 77, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

78.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 78, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

### Count V

### Violation of the Fifth Amendment and *Bivens*

79.     GCE incorporates by reference all of its previous responses herein. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

80.     Paragraph 80 states a legal precedent, and does not state any allegations against GCE. GCE, therefore, believes that GCE is not obligated to deny or admit Paragraph 80. However, to the extent that Paragraph 80 is deemed to contain allegations against GCE, GCE denies those allegations. In addition, GCE believes this cause of action has been

dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

81.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 81, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

82.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 82, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

83.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 83, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

84.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 84, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

85.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 85, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

86.    GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 86, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

87.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 87, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

88.     GCE lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 88, and therefore, must deny the allegations. In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim against GCE.

2.     Neither GCE's actions or inactions violated Plaintiff's constitutional rights or rights existing under federal law or state law.

3.     GCE is entitled to qualified immunity.

4.     There can be no vicarious liability on the part of the GCE.

5.     Plaintiff's alleged injury, if any, and claimed damages were caused, either in whole or in part, by the acts or omissions of other(s) who is/are not party to this action and, as such, fault should be allocated to each such non-party, reducing *pro rata* any recovery to Plaintiff.

6.     Plaintiff's claims under the Federal Civil Rights Act are barred because plaintiff suffered no actual damages and there is no right to recover damages based on the abstract value of constitutional rights.

7.     Plaintiff's claims under the Federal Civil Rights Act against GCE are barred because GCE acted in good faith with an honest and reasonable belief that the actions taken were necessary, reasonable and appropriate.   All actions by GCE were objectively reasonable under the totality of the circumstances.

8.     Plaintiff's claims under the Federal Civil Rights Act against GCE are barred

13

because a reasonable safety officer could have believed that the acts and conduct were reasonable, justified and appropriate.

9.     Plaintiff's claims under the Federal Civil Rights Act against GCE are barred because the conduct did not violate clearly established rights.

10.    Plaintiff cannot recover punitive damages as a matter of law under the Federal Civil Rights Act.

11.    Plaintiff's claims under the Federal Civil Rights Act against GCE are barred because the alleged violation of civil rights did not occur pursuant to a government policy, practice or custom.

12.    Plaintiff's recovery against GCE is barred, in whole or in part, because any injury or damage suffered by Plaintiff was caused solely by the wrongful acts and willful resistance to a peace officer in the discharge of his or her duties.

13.    The negligence and/or intentional conduct of a third person or persons was a superseding, intervening cause of Plaintiff's injuries.

14.    Plaintiff named the wrong person or entity as a defendant.

15.    GCE performed none of the actions listed in the Third Amended Complaint.

16.    Plaintiff has failed to mitigate his damages, and said failure to mitigate bars Plaintiff from recovery in this action.

17.    Plaintiff's claims are barred by the statute of limitations.

18.    GCE did not act under the color of state law.

19.    There is no causation between GCE's actions and Plaintiff's alleged injuries. The alleged damages of Plaintiff were not reasonably foreseeable.

GCE reserves the right to amend this Answer at a later time to assert any additional matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Rule 8(c) and 12(b), Federal Rules of Civil Procedure, as discovery shows to be applicable.

///

14

DATED:  January 25, 2022         **ZELMS ERLICH & MACK**


By:  *s/ Nishan J. Wilde*
       Robert B. Zelms
       Nishan J. Wilde
       *Attorneys for Defendants*


### CERTIFICATE OF SERVICE

   I hereby certify that on this 25th day of January 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the registrants in this matter who are set up to receive these electronic filings, with copies sent via US Regular Mail to the following:

Cesar Geovany Valdes Flores
5224 N 28th Dr.
Phoenix, AZ 85017
*PRO SE*

*s/ Nishan J. Wilde*