1 Robert B. Zelms, Arizona Bar No. 018956
  rzelms@zelmserlich.com
2 Nishan J. Wilde, Arizona Bar No. 031447
  nwilde@zelmserlich.com
3 **ZELMS ERLICH & MACK**
4 4600 E. Washington Street, Suite 300
5 Phoenix, Arizona 85034
  Direct: (623) 250-0244
6 Main: (480) 608-2114

7 *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cesar Geovany Valdes Flores;<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education Incorporated also known as Grand Canyon University; Joe Yahner, GCU Director of Public Safety; Aaron Martinez, GCU Campus Security Officer; K Timothy, GCU Officer; Teresa Kuleff, GCU Peace Officer; Sgt. Cahill GCU Peace Officer,<br><br>Defendants. | Case No. 2:19-cv-05182-SPL-CDB<br><br>**GRAND CANYON EDUCATION, INC.'S MOTION FOR LEAVE TO AMEND THE ANSWER** |

Grand Canyon Education Incorporated ("GCE"), by and through undersigned counsel, hereby files this Motion for Leave to Amend the Answer, and respectfully requests the Court to grant leave for GCE to amend its Answer.

**I.    Introduction**

Plaintiff had the better part of 3 years to craft his complaint. Even then, his claims were insufficient on several occasions, and Plaintiff was given several opportunities to amend. On the other hand, GCE received the Third Amended Complaint in January 2022, and was required to draft an answer – including affirmative defenses – within 21 days. GCE

1

filed the Answer on January 25, 2022.

It would be manifestly unjust to allow Plaintiff several opportunities to amend, but deny GCE's first request to amend – especially when Plaintiff cannot prove no undue delay, bad faith, prejudice, or futility.

## II.  Legal Argument

Rule 15(a)(2) states that leave to amend should be given "freely" when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). This "policy is to be applied with extreme liberality." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1160 (9th Cir. 2021). "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* at 1161.

### a. Justice requires that GCE be allowed to file an amended answer

Justice requires that GCE be allowed to file an amended answer. GCE had 21 days to (1) evaluate the Third Amended Complaint, (2) investigate the allegations in the Third Amended Complaint, (3) retain legal counsel, and (4) draft an answer – including affirmative defenses – to the Third Amended Complaint. *See* Fed. R. Civ. P. 12(a)(1). Plaintiff, on the other hand, had 3 years to draft the complaint, and was given chance after chance to amend insufficiencies.[1] It would be a manifest injustice to deny GCE its first request to amend – especially since Plaintiff cannot prove bad faith, undue delay, prejudice to the opposing party, and/or futility.

The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). GCE did not perform any of the actions listed in the Third Amended Complaint, and its affirmative defenses have considerable merit. Accordingly, GCE's defense in this matter should be adjudicated on the merits, not on a technicality. Plaintiff's Motion to Strike

---

[1] The alleged search and seizure occurred in June 2017 and the Third Amended Complaint was filed in April 2020. *See* Doc. 12, Third Amended Complaint at ¶¶ 14-20 and p. 13.

2

wants to dispose of GCE's defenses on a technicality and should be denied.

**b. GCE made a good-faith effort to sufficiently plead its affirmative defenses**

Despite having just 21 days to (1) evaluate the Third Amended Complaint, (2) investigate the allegations in the Third Amended Complaint, (3) retain legal counsel, and (4) draft an answer – including affirmative defenses – GCE filed a comprehensive Answer that is 15 pages long, with 10 subsections, 88 paragraphs, and 19 affirmative defenses. *See in toto* GCE Answer. The Answer provides in-depth responses to Plaintiff's claims, and out of an abundance of caution, provides responses to all give causes of action – even though Counts I, II, IV and V were dismissed. *Id.* It is indisputable that GCE made a good-faith effort to file a sufficient answer to the Third Amended Complaint.

**c. GCE has not caused any undue delay**

This lawsuit is still in its infancy. GCE file the Answer on January 25, 2022 – less than 6 weeks ago. The parties have not even exchanged initial disclosure statements, which will occur on April 1, 2022. *See* Case Management Order at p. 1. The deadline to amend the pleadings is March 18, 2022. *Id.* Simply put, there has been no undue delay.

**d. There is no prejudice against Plaintiff**

Allowing GCE to amend the Answer would not cause Plaintiff any prejudice. Discovery has not yet begun, and the deadline for fact discovery is December 18, 2022 – over 9 months away. *Id.* at p. 2. Plaintiff will have plenty of time to conduct discovery on all of GCE's affirmative defenses and has suffered no prejudice.

Plaintiff claims that he will suffer prejudice because (1) the "misleading" answer may result in a ruling against Plaintiff on a motion for judgment on the pleadings, and (2) litigating affirmative defenses that "have no possibility of succeeding" will cause unnecessary litigation. *See* Motion to Strike at pp. 9-10. Plaintiff's claims are ridiculous.

As to the first claim, the "misleading" answer will have no effect on any motion for judgment on the pleadings. A motion for judgment on the pleadings is judged on the sufficiency of the Third Amended Complaint alone. *See Garrison Prop. & Cas. Co. v. Turnage*, 2021 U.S. Dist. LEXIS 177870 * (D. Ariz. Sept. 17, 2021) (a motion for judgment

on the pleadings is granted when "on the face of the pleadings" there is no material issue of fact or when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."). If the Third Amended Complaint adequately pleads a cognizable legal theory, then the Third Amended Complaint will survive a motion for judgment on the pleadings. The Third Amended Complaint will be judged on its own merits and has nothing to do with GCE's Answer.

As to the second claim, Plaintiff has offered no evidence that the affirmative defenses have no possibility of succeeding. In fact, as explained in the Response to Motion to Strike, Answer, and Proposed Amended Answer, each of GCE's affirmative defenses is directly applicable to Plaintiff's Fourth Amendment claim and has a strong possibility of succeeding. *See* Response to Motion to Strike at pp. 5-10; Answer at pp. 13-14; **Exhibit 1**, Proposed Amended Answer at pp. 13-17. Futhermore, litigating affirmative defenses is not "unnecessary litigation." Plaintiff cannot file a lawsuit (which, by definition, requires discovery) and then claim prejudice because he has to actually conduct discovery on affirmative defenses. GCE is entitled to assert valid affirmative defenses and to bolster those affirmative defenses during discovery. If Plaintiff did not want to spend time and effort on litigation and discovery, he should not have filed the lawsuit.

### e. A motion to amend would not be futile

As described in the Proposed Amended Answer, each of GCE's affirmative defenses is a valid and appropriate defense to Plaintiff's allegations against GCE. *See* **Exhibit 1** at pp. 13-17. If leave to amend is allowed, GCE will be able to explain in great detail exactly how each of the affirmative defenses precludes or limits liability against GCE. [*Id.*] Therefore, an amendment is not futile.

### III. Conclusion

For the reasons stated herein, justice requires that GCE be allowed to amend the Answer. Therefore, GCE respectfully asks the Court to grant this Motion and allow GCE to amend the Answer.

///

DATED: March 14, 2022      **ZELMS ERLICH & MACK**

By: *s/ Nishan J. Wilde*
Robert B. Zelms
Nishan J. Wilde
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the registrants in this matter who are set up to receive these electronic filings, with copies sent via US Regular Mail and email to the following:

Cesar Geovany Valdes Flores
7539 N. 60th Avenue
Glendale, AZ 85301
*PRO SE*

*s/ Diana Drake*
ddrake@zelmserlich.com