IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Cesar Geovany Valdes Flores,

          Plaintiff,

v.

Grand Canyon Education Incorporated, et al.,

          Defendants.

No. CV 19-05182 SPL (CDB)

**ORDER**

      Plaintiff and two co-plaintiffs, proceeding pro se, filed a Complaint on May 28, 2019. (ECF No. 2). The Complaint alleged claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*. On September 17, 2019, the Court ordered the matter be severed into individual actions for each plaintiff. (ECF No. 1). In an order entered September 30, 2019, the Court dismissed the Complaint with leave to amend. (ECF No. 6).

      Plaintiff filed a First Amended Complaint and a motion to proceed *in forma pauperis* on October 25, 2019. (ECF No. 7; ECF No. 8). On December 4, 2019, the Court granted the motion to proceed *in forma pauperis* and dismissed the First Amended Complaint with leave to amend. (ECF No. 9). Plaintiff filed a Second Amended Complaint (ECF No. 10) on January 3, 2020. The Second Amended Complaint was denied with leave to amend on March 3, 2020. (ECF No. 11).

      A Third Amended Complaint was filed April 2, 2020. The Third Amended Complaint named as defendants: Grand Canyon Education, Inc., ("GCE") a company operating Grand Canyon University ("GCU"), Joe Yahner, GCU's Director of Public Safety, GCU Safety Officers Martinez, and Timothy, GCU Peace Officers Kuleff and

Cahill, U.S. Immigration and Customs Enforcement Deportation Officer Fields, U.S. Immigration and Customs Enforcement Supervisory Detention and Deportation Officer ("SDDO") Burger, and U.S. Immigration and Customs Enforcement Deportation Officer Jordan. (ECF No. 12). Plaintiff alleged claims pursuant to §1983 and *Bivens*. The Third Amended Complaint alleged Defendants Yahner, Martinez, Timothy, Kuleff, Cahill and GCE violated Plaintiff's Fourth Amendment rights by means of "Malicious Prosecution" (Count I); that Defendants Yahner, Martinez, Timothy Kuleff, Cahill and GCE violated Plaintiff's Fifth Amendment rights to be free of racial discrimination (Count II); that Defendants Yahner, Martinez, Timothy, Kuleff, Cahill and GCE violated Plaintiff's Fourth Amendment right to be free of an unreasonable search and seizure (Count III); that Defendants Fields, Burger, and Jordan were liable under *Bivens* for violating Plaintiff's Fifth Amendment right to due process (Count IV): and that unknown defendants were liable under *Bivens* for violating Plaintiff's due process rights (Count V). (ECF No. 12).

On May 5, 2020, the Court dismissed the Third Amended Complaint without leave to amend for failure to state a claim on which relief could be granted, dismissed the case, and allowed Plaintiff to proceed *in forma pauperis* on appeal. (ECF No. 13).

Plaintiff appealed to the Ninth Circuit Court of Appeals. (ECF No. 15). In a memorandum order entered September 21, 2021 (ECF No. 18), the Ninth Circuit affirmed the Court's dismissal of Counts I, II, IV, and V, vacated the dismissal of Count III, and remanded the matter for litigation of Count III of the Third Amended Complaint. (ECF No. 18).

In the order remanding this matter, the Ninth Circuit found and concluded:

> The district court dismissed Flores's unreasonable search and seizure claim because Flores failed to identify a specific defendant that searched his cell phone, and because the seizure of Flores's cell phone occurred during a search-incident-to-arrest. However, Flores named as defendants the four Grand Canyon University ("GCU") campus security officers involved in his arrest – GCU Director of Public Safety Joe Yahner, Officer Aaron Martinez, Timothy, Officer Teresa Kuleff, and Sergeant Cahill – and Grand Canyon University, and alleged that the officers took his phone, and without a warrant, viewed its contents by responding to a text message. Liberally

- 2 -

> construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *See Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Riley v. California*, 573 U.S. 373, 387-397, 403 (2014) (explaining that the search of a cellular phone incident to arrest, absent exigency, requires a probable cause warrant); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). We therefore vacate the district court's dismissal of Flores's unreasonable search and seizure claim only and remand for further proceedings.

(ECF No. 18-1). The Ninth Circuit's mandate issued November 15, 2021. (ECF No. 18).

In an Order entered December 6, 2021, the Court ordered Defendants GCE, Yahner, Cahill, Martinez, Timothy, and Kuleff to answer Count III of the Third Amended Complaint, and ordered the United States Marshal to effect service of a summons and the Third Amended Complaint on these Defendants. (ECF No. 19). Defendant GCE answered the Third Amended Complaint on January 25, 2022. (ECF No. 20).[1] Defendant GCE has also filed a motion for judgment on the pleadings. (ECF No. 35).

A Scheduling Order issued March 2, 2022, requires discovery be completed by December 18, 2022, and that dispositive motions be filed no later than January 30, 2023. (ECF No. 32).

Before the Court are Plaintiff's motion (ECF No. 30) to strike Defendant GCE's answer to the Third Amended Complaint and Defendant GCE's motion (ECF No. 34) for leave to file an amended answer.

In the pleading at ECF No. 30 Plaintiff asserts:

> ("Plaintiff" or "Cesar") files this Motion to Strike the Answer to Count III of the Complaint filed by Defendant Grand Canyon Education, Inc., also known as Grand Canyon University ("GCE/GCU"), as well as the Affirmative Defenses and reservation of right to amend the affirmative defenses after discovery filed in the same document. (Docket No. 20). …

---

[1] Service on Defendants Cahill, Yahner, Martinez, Timothy, and Kuleff was executed on February 7, 2022; these Defendants failed to answer or otherwise respond to the Third Amended Complaint and their default was entered March 24, 2022. (ECF No. 39). Defendants have moved to set aside their defaults. (ECF No. 41).

> The basis for this Motion to Strike the Answer to Count III is that the Answer to Count III is misleading as it characterizes the cause of action as having been dismissed AND the dismissal affirmed by the Ninth Circuit Court of Appeals when in fact the Ninth Circuit has reversed the dismissal. The basis for the Motion to Strike the Affirmative Defenses and the reservation to amend the affirmative defenses is that they are legally insufficient under the Federal Rules of Civil Procedure and applicable authority.

(ECF No. 30 at 1-2).

Plaintiff also asks the Court to strike "Defendants' affirmative defenses and reservation [of right to add additional affirmative defenses after discovery]" (ECF No. 30 at 9 & 11), arguing "GCE/GCU's affirmative defenses fail. An affirmative defense is insufficient if it does not provide the plaintiff with 'fair notice' of the defense." (ECF No. 30 at 6). Plaintiff asserts: "Defendants provide nothing but a list of affirmative defenses **without any facts** connecting them to the case." (*Id.*).

In response to the Motion to Strike Defendant GCU asserts:

> The Motion to Strike should be denied for the following reasons: (1) the Motion to Strike is untimely,[2] (2) Plaintiff has not stated any valid basis to strike GCE's Answer, (3) GCE has given fair notice of its affirmative defenses to Plaintiff, and (4) each of the affirmative defenses is pertinent and material to the Third Amended Complaint.
> In the alternative, if the Court believes that GCE's Answer is deficient in any way, the Court should allow GCE to file an amended answer in order to cure the alleged deficiencies. A proposed amended answer is attached as Exhibit A.

(ECF No. 33 at 2).

Defendant does allow that the Answer improperly states that the Ninth Circuit Court of Appeals affirmed the Court's dismissal of Count III, when in fact the Ninth Circuit

---

[2] Defendant asserts the motion to strike is untimely, arguing "GCE's Answer was served on Plaintiff via the Court's CM/ECF System on January 25, 2022." (*Id.*). However, Plaintiff is a pro se plaintiff and is not registered to receive service of documents via the Court's electronic filing system. Accordingly, Defendant is required to serve Plaintiff with a copy of all pleadings and notices filed by Defendant by first class mail in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure. The Answer at ECF No. 20 indicates that the Answer was served on Plaintiff by both electronic filing and service by first class mail, however the response to the motion to strike argues only that service was effected by means of electronic filing.

reversed the dismissal of that count and on remand the Court ordered Defendant GCU to answer Count III of the Second Amended Complaint. The bulk of Defendant's response to the motion to strike is devoted to arguing the merits of the affirmative defenses asserted in the Answer. Similarly, Defendant's Motion for Leave to Amend the Answer "seeks leave to explain in great detail exactly how each of the affirmative defenses precludes or limits liability against GCE." (ECF No. 34).

An answer to a complaint is not intended to argue the legal merits of each affirmative defense, and the Answer at ECF No. 20 conforms with the standard regarding the assertions of affirmative defenses. However, in this matter, involving a *pro se* Plaintiff, it appears to be in the interest of justice to allow Defendant to inform Plaintiff more thoroughly regarding the basis for each affirmative defense. Accordingly,

**IT IS ORDERED that** Plaintiff's motion at ECF No. 30 is **granted only insofar** as Plaintiff asks the Court to strike that portion of paragraph 66 of the Answer at ECF No. 20 on pages 10 to 11 which states: "In addition, GCE believes this cause of action has been dismissed by this Court, which dismissal was affirmed by the Ninth Circuit Court of Appeals." Plaintiff's motion to strike is **denied** in all other respects.

**IT IS FURTHER ORDERED that** Defendant's Motion for Leave to File Amended Answer at ECF No. 34 is **granted** and Defendant is given leave to file and serve on Plaintiff a clean (non-redline/strikeout) Amended Answer in conformance with the proposed amended answer at ECF No. 34-1.

Dated this 30th day of March, 2022.

_____
Camille D. Bibles
United States Magistrate Judge